IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ADRIAN ADAM TARKINGTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 21-352-RAW-KEW |
| ) | |
| RANDY HARDING, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Jim E. Hamilton Correctional Center in Hodgen, Oklahoma. He is attacking his conviction in Pittsburg County District Court Case No. F-1994-45A for Possession of a Controlled Dangerous Substance (Dkt. 1 at 1). He raises three grounds for habeas corpus relief:

**Ground One:** Guilty plea summary of facts Form 13.10 was never filled out completely pursuant to Oklahoma District Court Rule 4.1.

**Ground Two:** There has been a substantial change in the law as of July 1, 2017, Title 63, Section 2-402 of the Oklahoma Statutes was amended from a felony to a misdemeanor.

**Ground Three:** The District Court of Pittsburg County was without jurisdiction to prosecute the petitioner in this case because the United States District Court has sole jurisdiction.

(Dkt. 1 at 4).

Respondent has filed a motion to dismiss, alleging the Court lacks subject matter jurisdiction, because Petitioner is not "in custody," as required by 28 U.S.C. § 2244(d)(1), and the petition is time-barred by the statute of limitations under 28 U.S.C. § 2244(d)(1) (Dkt. 8). Petitioner has not filed a response to the motion, however, on February 4, 2022, he filed a "Notice," complaining about access to the law library (Dkt. 10). He asked the Court to verify DOC Policy OP-030115[VI](A)(2) regarding law library access. The Court finds Plaintiff's cited policy was accurate, however, he did not request an extension of time to file a response.

The record shows that on April 15, 1994, Petitioner entered a guilty plea to Possession of a Controlled Dangerous Substance, and he was sentenced to three years' imprisonment, all of which was suspended. The sentence was "fully satisfied and discharged" in 1998. (Dkts. 9-1 at 5; 9-2 at 1).

On April 4, 2016, more than 21 years after judgment was entered, Petitioner filed an application for a post-conviction appeal out of time in the state district court, arguing he had been deprived of his rights, because the Guilty Plea Summary of Facts form was not filled out completely (Dkt. 1 at 2; Dkt. 9-2 at 2). The application was denied by the district court on June 6, 2016 (Dkt. 1 at 2). On June 15, 2016, Petitioner appealed the denial to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. PC-2016-504 (Dkt. 9-3 at 2). On August 1, 2016, the OCCA affirmed the denial of Petitioner's application for a post-conviction appeal out of time. *Id.*

2

On August 22, 2016, Petitioner filed a second application for post-conviction relief, again alleging he was deprived of his rights because the Guilty Plea Summary of Facts form was not filled out completely (Dkts. 9-2 at 3; 9-4). The second application was denied by the district court on November 21, 2016 (Dkt. 9-2 at 3). Petitioner appealed the denial of his second application to the OCCA on December 22, 2016 in Case No. PC-2016-1158 (Dkt. 9-5). On January 10, 2017, the OCCA declined jurisdiction of Petitioner's appeal for his failure to comply with Rules 1.10 and 1.11 of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2016), and Okla. Stat. tit. 20, § 38, which require timely submission of the appropriate filing fee or an order granting leave to proceed without costs. *Id.* In addition, the petition in error was not timely filed. *Id.*

On January 30, 2017, Petitioner filed a third application for post-conviction relief, which was denied by the district court on January 31, 2017 (Dkt. 9-2 at 4). On February 22, 2017, Petitioner appealed the denial of his third application to the OCCA in Case No. PC-2017-167 (Dkt. 9-6). On April 21, 2017, the OCCA dismissed the appeal for Petitioner's failure to comply with Rule 5.2(C) of the *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2017), which "requires that an applicant . . . file a petition in error with any brief to be submitted and with a certified copy of the District Court order attached with the Clerk of this Court within 30 days from the date the final order is filed with the Clerk of the District Court." *Id.*

On November 13, 2019, Petitioner filed a fourth application for post-conviction relief,

3

asserting that effective July 1, 2017, the classification of the crime of Possession of a Controlled Substance was amended from a felony to a misdemeanor and contending he is entitled to have his sentence vacated (Dkt. 9-7). The state district court denied the application on May 4, 2020 (Dkt. 9-2 at 5), and Petitioner appealed the denial of his application to the OCCA on May 29, 2020, in Case No. PC-2020-362 (Dkt. 9-8 at 2). On June 25, 2020, the OCCA affirmed the denial of Petitioner's application. *Id.*

On September 29, 2020, Petitioner filed a fifth application for post-conviction relief, alleging the district court lacked authority to prosecute him because of the decision in *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020) (Dkts. 9-2 at 6; 9-9). Petitioner did not claim Indian status, instead asserting that the federal court had sole prosecutorial authority in Indian Country, and his crime occurred within the Choctaw Indian Reservation (Dkt. 9-9 at 3). The application was denied by the district court on June 24, 2021, finding Petitioner failed to allege or prove he is an Indian or a member of a tribe (Dkt. 9-2 at 6). Petitioner appealed the denial of his application to the OCCA on July 26, 2021 in Case No. PC-2021-762 (Dkt. 9-10 at 2). On September 16, 2021, the OCCA affirmed the denial of Petitioner's post-conviction application. *Id.*

Respondent alleges that because Petitioner cannot satisfy the "in custody" requirement of 28 U.S.C. § 2254, this Court does not have jurisdiction to consider his habeas petition. Pursuant to 28 U.S.C. § 2254(a), a federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only

on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Supreme Court interpreted the language of § 2254 to require that the habeas petitioner be "'in custody' under the conviction or sentence under attack at the time his petition is filed."

To meet the "in custody" requirement, "there must be a significant restraint imposed on one's liberty." *Gonzales v. Stoker*, 575 F.2d 827, 827 (10th Cir. 1978) (citations omitted). The custody requirement is jurisdictional and "encompasses not only individuals subject to immediate physical imprisonment, but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom." *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).

The record shows that when Petitioner was sentenced in 1994, he received a three-year, fully suspended sentence. When the Pittsburg County District Court denied Petitioner's first application for post-conviction relief on June 6, 2016, it stated that Petitioner's sentence was "fully satisfied and discharged in 1998" (Dkt. 9-1 at 4). Petitioner's second application for post-conviction relief, also stated he had "completed his sentence on Case Number CF-1994-45A" (Dkt. 9-4 at 2). In Petitioner's fourth application for post-conviction relief, again asserts "Petitioner, since his conviction, has served his complete sentence on this case and is not currently in custody for his conviction on this case . . . ." (Dkt. 9-7 at 1). Because Petitioner's sentence in Pittsburg County District Court Case No. CF-1994-45A has been fully discharged, he was not in custody on the challenged convictions when he filed this

habeas corpus petition.[1]

For the reasons set forth above, the Court finds Petitioner is not "in custody" pursuant to 28 U.S.C. § 2254(a), and his petition for a writ of habeas corpus must be DISMISSED for lack of jurisdiction. Because the Court lacks jurisdiction, it does not reach Respondent's argument that this action is barred by the statute of limitations.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ

---

[1] The Oklahoma Department of Corrections Offender website at http://okoffender.doc.ok.gov., indicates Petitioner currently is serving a sentence of 15 years' imprisonment for his conviction in Oklahoma County District Court Case No. CF-2012-7249 (Dkt. 9-11). His sentence in Case No. CF-2012-7249 was enhanced by his prior felony conviction, *Tarkington v. State*, No. F-2014-537, slip op. at 1 (Okla. Crim. App. Nov. 17, 2015) (Dkt. 9-13). Petitioner, however, makes no mention of Case No. CF-2012-7249 in his present petition, nor does he in any way challenge his current sentence as being invalidly enhanced by his conviction in Case No. CF-1994-45A (Doc 1). Having failed to raise such a claim, Petitioner cannot meet the "in custody" exception. *See Lachine County Dist. Attorney v. Coss*, 532 U.S. 394, 401-02 (2001) (holding that only petitions that "[could] be read as asserting a challenge to the [current sentences], as enhanced by the allegedly invalid prior conviction" would satisfy "the 'in custody' requirement for federal habeas jurisdiction") (internal citation omitted). *See also McCormick v. Kline*, 572 F.3d 841, 851-52 (10th Cir. 2009); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (recognizing that a pro se litigant's pleadings are to be construed liberally, but noting that it is not the "proper function" of the habeas court "to assume the role of advocate for the pro se litigant").

of habeas corpus (Dkt. 8) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 11th day of August 2022.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA